D. C. BURGER v. JOHN A. TATHAM ET AL.
T. C. CRISP ET AL. v. D. C. BURGER ET AL.

(Filed 21 February, 1923.)

**Appeal and Error — Judgment Vacated — Reference — Pleadings—Procedure.**

*Held,* an order by the Superior Court judge holding, upon the facts stated, that the plaintiff could not recover the purchase price of lumber, the subject of the action, but damages alone, and rereferring the case, permitting amendments to the pleadings, was too drastic and should be vacated; and the cause is remanded to the end that the exceptions filed to the referee's report may be passed upon according to the usual course and practice of the court in such cases, without regard to said order.

APPEAL by plaintiff D. C. Burger from *Brock, J.,* at April Term, 1922, of CHEROKEE.

Civil action to recover the purchase price of certain lumber alleged to have been manufactured and delivered under a logging and sawmilling contract.

The plaintiff D. C. Burger appealed.

*D. Witherspoon and Dillard & Hill for plaintiff.*
*Moody & Moody for defendants.*

STACY, J. The record in these consolidated cases is not in shape for us to determine the rights of the parties. At the November Term, 1921, by consent, the two causes were consolidated and referred to J. D. Mallonee, Esq., as referee, under the law appertaining to references. The referee made his report, to which both sides filed exceptions. At the Spring Term, 1922, his Honor, Walter E. Brock, judge presiding, without passing upon all of the exceptions to the referee's report, held that the plaintiff could not sue for the purchase price of the lumber, but that he could proceed only in an action for damages. Thereupon, the parties were given an opportunity to recast their pleadings, and the cause was remanded to the referee for further hearing. The plaintiff contends that this order is tantamount to a judgment as of nonsuit upon his original cause of action, as alleged, and that he is unable to proceed without serious injury to his rights. As now advised, we think the order in question is too drastic, and that it should be vacated. The cause will be remanded, to the end that the exceptions filed to the referee's report may be passed upon according to the usual course and practice in such cases, without regard to the order entered at the Spring Term, 1922.

Remanded with instructions.